UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES PERI and on behalf of
DEBORAH L. PERI,

          Plaintiffs,

    v.

BANK OF NEW YORK MELLON,
QUALITY LOAN SERVICE
CORPORATION OF WASHINGTON,

          Defendants.

CASE NO. 3:20-CV-5732-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: October 2, 2020

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 10. Currently before the Court is Plaintiff Charles Peri and Deborah L. Peri (deceased)'s Motion to Restrain Trustee's Sale and for Preliminary Injunction. Dkt. 14.[1] The Court concludes Peri has failed to provide sufficient evidence to show Defendant The Bank of New York Mellon ("BONY") should be temporarily enjoined from proceeding with the

---

[1] For clarity, the Court will refer to Plaintiffs as "Peri" throughout this Report and Recommendation.

foreclosure and deed of trust sale of the Peri property. Therefore, the undersigned recommends the Motion (Dkt. 14) be denied.

**I.    Background**

A.  Procedural Background

Peri initiated this action in the Pierce County Superior Court on June 23, 2020. Dkt. 1-1. On July 23, 2020, BONY removed the case to this Court. Dkt. 1. In the Complaint, Peri alleges BONY is attempting to wrongfully foreclose and sell his real property located at 942 25th Avenue Southwest, Puyallup, Pierce County, Washington ("property"). Dkt. 1-1; Dkt. 15, Peri Affidavit, ¶ 1. Peri seeks, among other monetary relief, an order restraining the sale of his property and the foreclosure action to be deemed null and void. Dkt. 1-1. Peri filed the pending Motion on August 18, 2020 seeking to enjoin the trustee's sale of his property that is currently scheduled for October 9, 2020. Dkt. 14. On September 4, 2020, BONY filed a Response. Dkt. 18. Peri did not file a reply.

B.  Factual Background

Peri purchased the property in July of 2003. Dkt. 15, Peri Affidavit, ¶ 1. In November 2006, Peri refinanced the property with Pierce Commercial Bank by way of a Promissory Note ("Note") and Deed of Trust. *Id*. at ¶ A. Peri's loan was sold and BONY was assigned the Deed of Trust on July 7, 2011. *Id*. at ¶ C. Specialized Loan Servicing was servicing the Note and Deed of Trust. *Id*.

BONY commenced a nonjudicial trustee's sale on December 13, 2014 and the sale date was eventually scheduled for February 27, 2015. *Id*. at ¶ E. Peri filed for Chapter 7 bankruptcy on February 26, 2015 and the trustee's sale was cancelled. *Id* at ¶ F. BONY obtained relief from stay and a new trustee's sale date was scheduled for January 26, 2016. *Id*. at ¶ G.

Peri sought and was granted a preliminary injunction restraining the January 26, 2016 trustee's sale in state court. *Id*. at ¶ H. To resolve the state court case, BONY agreed to review Peri's loan to determine if it qualified for a loan modification. *Id*. at ¶ I; *see also* Dkt. 16, pp. 39-43. Peri was approved for a loan modification on May 31, 2017. Dkt. 15, Peri Affidavit, ¶¶ I-J. On June 26, 2017, the Pierce County Superior Court dismissed the state court case related to the January 2016 sale with prejudice. *Id.* at ¶ K; Dkt. 16, pp. 45-47. As Peri had been "approved for a loan modification, the non-judicial foreclosure would not go forward and the loan would be reinstated in accordance with the agreed upon loan modification." Dkt. 15, Peri Affidavit, ¶ K.

After a loan modification trial period, BONY provided Peri with a Modification Agreement. *Id*. at ¶ L. The Modification Agreement stated,

> Please be advised that if the Agreement is altered in any way that the modification agreement will be rejected and the offer to modify your mortgage will be voided. All terms of the original Note and Deed of Trust will be immediately effective, including any default status of the loan.

Dkt. 15, p. 161. Peri responded to the proposed Modification Agreement with a counteroffer on November 6, 2017. Dkt. 15, Peri Affidavit, ¶ L. On November 27, 2017, Peri received correspondence from BONY stating, "Please find enclosed a copy of the fully executed modification completed on your loan for your loan records." *Id*. at ¶ M. The Modification Agreement was signed only by Specialized Loan Servicing and the correspondence did not request further action from Peri. *Id*. Peri's counteroffer was attached to the Modification Agreement, but Peri never signed the agreement. *See* Dkt. 16, p. 51. There is no evidence Peri made loan payments in accordance with the Modification Agreement or the counteroffer.

Peri received a Notice of Default on August 23, 2018 and a Notice of Trustee's Sale on October 12, 2018. Dkt. 15, Peri Affidavit, ¶ N. The two notices were based upon the Modification Agreement. *Id*. As Peri had not signed the Modification Agreement, his counsel

1  demanded the sale be discontinued and, on January 10, 2019, the trustee's sale was discontinued.

2  *Id.*; *see also* Dkt. 16, pp. 51-52. Peri states he received no further correspondence from BONY or

3  Specialized Loan Servicing until September 12, 2019. Dkt. 15, Peri Affidavit, ¶ O.

4         On September 12, 2019, Peri received correspondence advising that the obligations under

5  the note were delinquent. *Id.* at ¶ O. On December 17, 2019, he received a Notice of Default and,

6  on February 14, 2020, he received a Notice of Trustee's Sale based upon the original Note and

7  Deed of Trust. *Id.* The Notice of Default included a Declaration of Beneficiary as Noteholder or

8  Holder of Note, which stated BONY is the holder of the promissory note and has possession of

9  the original note. Dkt. 19-1, p. 9. The Notice of Trustee's Sale states the sale is subject to the

10 Deed of Trust dated November 2006. Dkt. 19-2.

11 **II.    Discussion**

12       Peri seeks a temporary restraining order under the Washington State Deed of Trust Act

13 ("DTA").[2] In enacting the DTA, the Washington legislature sought to promote three primary

14 goals: "(1) that the nonjudicial foreclosure process should be efficient and inexpensive; (2) that

15 the process should result in interested parties having an adequate opportunity to prevent

16 wrongful foreclosure; and (3) that the process should promote stability of land titles." *Plein v.*

17 *Lackey,* 149 Wash.2d 214, 225, 67 P.3d 1061 (2003). The DTA must be construed in favor of

18 borrowers because of the relative ease with which lenders can forfeit borrowers' interests and the

19 lack of judicial oversight in conducting nonjudicial foreclosure sales. *Udall v. T.D. Escrow*

20 *Servs., Inc.,* 159 Wash.2d 903, 915–16, 154 P.3d 882 (2007). The DTA permits the borrower or

21 grantor, among others, to restrain a trustee's sale by court action "on any proper legal or

22 _____

23       [2] Peri also states he is filing the Motion under Federal Rule of Civil Procedure 65. Dkt. 14. Peri provides no
   argument that the Court's inherent power to issue an injunction under Rule 65 is warranted in this case; thus, the

24 Court finds Peri has not sufficiently shown relief should be granted pursuant to Rule 65.

1  equitable ground." RCW 61.24.130(1). The DTA does not define what constitutes proper

2  grounds for restraint.

3       Here, Peri argues a temporary restraining order is appropriate because (1) the trustee did

4  not have proof that BONY held the original Note prior to scheduling the trustee's sale date; (2)

5  the parties have entered into a loan modification agreement making any sale of the property

6  based on the original Note and Deed of Trust void; and (3) the state court has entered a dismissal

7  with prejudice nullifying the original Note and Deed of Trust. Dkt. 14.[3]

8       First, Peri asserts the trustee's sale should be enjoined because the trustee did not have

9  proof that BONY had actual possession of the Note prior to scheduling the trustee's sale. Dkt.

10  14, p. 4. Under R.C.W. § 61.24.030(7),

11       before the notice of trustee's sale is recorded, transmitted, or served, the trustee
        shall have proof that the beneficiary is the holder of any promissory note or other

12       obligation secured by the deed of trust. A declaration by the beneficiary made under
        the penalty of perjury stating that the beneficiary is the holder of any promissory

13       note or other obligation secured by the deed of trust shall be sufficient proof as
        required under this subsection.

14

15       The evidence shows Quality Loan Service, the trustee, served Peri with a Notice of

16  Default on December 18, 2019. Dkt. 19-1. The Notice of Default contained a Declaration dated

17  August 7, 2018 from Specialized Loan Servicing, the agent of BONY, stating BONY is the

18  holder and beneficiary of the Note and has possession of the original Note. *Id*. at p. 9. The

19  declaration is sufficient proof to meet the requirements of the DTA. *See Pelzel v. Nationstar*

20  *Mortg., LLC*, 186 Wash. App. 1034 (2015) ("under RCW 61.24.030(7)(b), the declaration of a

21  beneficiary's agent stating the beneficiary is the note's holder is sufficient proof that the

22  _____

23      [3] The Court notes Peri has not clearly articulated his second and third arguments. Rather, Peri has made
   conclusory statements regarding the loan modification agreement and the state court dismissal. *See* Dkt. 14, p. 5.

24  However, in an abundance of caution, the Court interprets Peri's conclusory statements to raise these two arguments.

beneficiary is the note's holder"). The Notice of Trustee's Sale was recorded on February 14, 2020, which was approximately a year and a half after the date of the declaration, stating the trustee's sale was scheduled for July 6, 2020. Dkt. 19-2. As the trustee had proof that BONY had actual possession of the Note prior to scheduling the trustee's sale, Peri has not shown BONY failed to comply with the DTA.

Second, Peri argues any sale of the property based on the original Note and Deed of Trust is void because the parties have entered into a loan modification agreement. Dkt. 14, p. 5. The evidence shows BONY approved Peri for a loan modification in May of 2017. Dkt. 15, Peri Affidavit, ¶¶ I-J. Peri began making payments under a Trial Period Plan ("TPP"), which stated the loan documents remained in full force and effect. Dkt. 15, p. 144. Peri completed the TPP in September of 2017. *See* Dkt. 15, Peri Affidavit, ¶ J. On October 23, 2017, Peri was notified that he was eligible for a loan modification. Dkt. 15, p. 160. The October 23, 2017 letter stated that if the Modification Agreement was modified in any way the Modification Agreement would be rejected and all terms of the original Note and Deed of Trust would be immediately effective. *Id.* at p. 161. Peri sent a counteroffer to the Modification Agreement, modifying the Agreement. Dkt. 15, Peri Affidavit, ¶ L. On November 27, 2017, Peri received correspondence from BONY stating, "Please find enclosed a copy of the fully executed modification completed on your loan for your loan records." *Id.* at ¶ M. The Modification Agreement was only signed by Specialized Loan Servicing and did not request further action from Peri. *Id.* Peri's counteroffer was attached to the Modification Agreement, but Peri never signed a loan modification agreement. *See* Dkt. 16, pp. 51-52 (letter from Peri's attorney to Quality Loan Service and Specialized Loan Servicing stating Peri never signed the modification and thus a trustee's sale on the loan modification had to be discontinued).

1    Peri provides no explanation as to why the unresolved loan modification agreement

2 warrants a restraining order in this case. *See* Dkt. 14, p. 5. Peri has stated that he did not sign the

3 loan modification agreement. He has also asserted any trustee's sale on the modification would

4 be invalid because he never signed the agreement. *See* Dkt. 16, pp. 51-52. Further, there is no

5 indication Peri made any payments under the unresolved modification agreement. As there is no

6 evidence a valid loan modification agreement exists, Peri's assertion that the loan modification

7 agreement warrants a temporary restraining order to prevent the trustee's sale on the original

8 Note and Deed of Trust is unpersuasive.

9    Third, Peri argues the state court entered a dismissal with prejudice of all claims related

10 to the original Note and Deed of Trust and, thus, the original Note and Deed of Trust are null and

11 void. Dkt. 14, p. 5. Because Peri was approved for a loan modification in May of 2017, BONY

12 agreed to reinstate the loan in accordance with the agreed-upon loan modification. Dkt. 15, Peri

13 Affidavit, ¶¶ J-K; *see also* Dkt. 16, pp. 45-47. The parties then stipulated to dismissal of Peri's

14 state court action arising from the 2016 trustee sale with prejudice on June 26, 2017. Dkt. 16, pp.

15 45-47. As discussed above, on October 23, 2017, Peri was notified that any alteration to the

16 Modification Agreement would void the loan modification and all terms of the original Note and

17 Deed of Trust would be effective immediately. Dkt. 15, p. 151. Peri attempted to modify the

18 Modification Agreement and never signed the Modification Agreement. Dkt. 15, Peri Affidavit,

19 ¶¶ L-M; Dkt. 16, pp. 51-52.

20    There is no evidence the original Note and Deed of Trust was invalidated by a state court

21 order. Rather, the record shows that, because BONY and Peri were proceeding with the loan

22 modification, the state court action regarding the January 2016 sale was dismissed. However, the

23 original Note and Deed of Trust became immediately effective when Peri did not complete the

24

REPORT AND RECOMMENDATION - 7

1    modification agreement. *See* Dkt. 15, p. 161. As Peri never agreed to the loan modification, the

2    evidence before the Court shows the original Note and Deed of Trust is in effect. Thus, Peri's

3    conclusory argument that BONY cannot proceed under the original Note and Deed of Trust

4    because there was a court order dismissing a previous state court action related to the original

5    Note and Deed of Trust is not sufficient to show a temporary restraining order is warranted in

6    this case.

7        In sum, Peri fails to show: (1) the trustee did not have proof that BONY possessed the

8    Note prior to scheduling the trustee's sale; (2) the parties entered into a loan modification

9    agreement; or that (3) the state court entered a dismissal with prejudice nullifying the original

10   Note and Deed of Trust.

11   **III.    Conclusion**

12       For the above stated reasons, the Court finds Peri has not shown BONY should be

13   temporarily restrained from proceeding with the Trustee's Sale scheduled for October 9, 2020.

14   Therefore, the Court recommends the Motion (Dkt. 14) be denied.

15       Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

16   shall have fourteen (14) days from service of this Report to file written objections. *See also* FED.

17   R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

18   *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time

19   limit imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for

20   consideration on October 2, 2020, as noted in the caption.

21       Dated this 17th day of September, 2020.

22

23   _____

24   David W. Christel
     United States Magistrate Judge