UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES PERI and DEBORAH L. PERI (deceased), husband and wife,<br><br>            Plaintiffs,<br>    v.<br><br>BANK OF NEW YORK MELLON, et al.,<br><br>            Defendants. | CASE NO. C20-5732 BHS-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 20, and Plaintiff Charles Peri's ("Peri") objections to the R&R, Dkt. 22.

On September 17, 2020, Judge Christel issued an R&R recommending that the Court deny Peri's motion to restrain a trustee's sale and for preliminary injunction. Dkt. 20. On September 28, 2020, Peri filed objections. Dkt. 22.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

ORDER - 1

1 modify the recommended disposition; receive further evidence; or return the matter to the
2 magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

3     In this case, Peri raises three objections to the R&R. First, Peri alleges that
4 Defendant the Bank of New York Mellon ("BONY") "and/or its agents, are not and were
5 not, the holders of plaintiffs' Promissory Note and further, were not the holders of said
6 Note before the trustee's sale was scheduled." Dkt. 1-1, ¶ II(P). Based on this allegation,
7 Peri argued that the current trustee's sale violates Washington's Deed of Trust Act
8 ("DTA") because BONY has failed to prove that it has actual possession of Peri's Note.
9 Dkt. 14 at 3–5. Judge Christel dismissed this argument based on a declaration from
10 BONY's agent declaring under penalty of perjury that BONY acting as a trustee is "the
11 holder of the promissory note and has possession of the original note." Dkt. 20 at 5
12 (citing Dkt. 19-1 at 9). Judge Christel concluded that such uncontroverted evidence
13 satisfies the DTA. *Id.* (citing *Pelzel v. Nationstar Mortgage, LLC*, 186 Wn. App. 1034
14 (2015)). Peri objects arguing that BONY must prove, before the trustee's sale, that Peri's
15 note was included in the assets transferred to the trust over which BONY is a trustee.
16 Peri cites no authority for this proposition. Moreover, Peri alleges that the trust's
17 prospectus "does not include Peri's loan." Dkt. 22 at 3. Peri provides no evidence to
18 support this allegation. If such evidence existed, then providing it to the trustee
19 overseeing the current foreclosure sale would seem to remedy the issue without Court
20 intervention. Regardless, Peri has failed to show that he is likely to succeed on the merits
21 of his claim that the current trustee's sale violates the DTA for failure to produce the
22

1  actual note or provide evidence beyond the sworn declaration of an agent of the entity
2  seeking the foreclosure.  Therefore, the Court adopts the R&R on this issue.
3        Second, Peri argues that any foreclosure based on the original loan should be
4  enjoined because the parties entered into a loan modification agreement.  Peri, however,
5  fails to produce an agreement that was executed by both parties.  Thus, the Court adopts
6  the R&R on the issue of Peri failing to show that he is likely to succeed on the merits of
7  this claim.
8        Finally, Peri argues that the parties' prior stipulated dismissal of a similar state
9  court action supports his position that the parties entered into a loan modification
10 agreement. Dkt. 22 at 4–5.  Peri argues that "[t]here is no evidence to support the
11 Magistrate Judge's conclusion that 'the original Note and Deed of Trust became
12 immediately effective when Peri did not complete the modification agreement.'" *Id.* at 4
13 (quoting Dkt. 20 at 8).  Contrary to Peri's misrepresentation to the Court, Judge Christel
14 cited a document that provides as follows: "Please be advised that if the Agreement is
15 altered in any way that the modification agreement will be rejected and the offer to
16 modify your mortgage loan will be voided. All terms of the original Note and Deed of
17 Trust will be immediately effective, including any default status of the loan." Dkt. 20 at
18 8 (citing Dkt. 15 at 161).  Whether this condition is a violation of the parties' stipulated
19 dismissal of the prior action is an issue beyond the scope of this matter.  Peri, however,
20 has failed to establish that he is likely to succeed on the merits of his claim that BONY is
21 seeking foreclosure on a note that has been modified.
22

1  Therefore, the Court having considered the R&R, Peri's objections, and the
2  remaining record, does hereby find and order as follows:

3  (1) The R&R is **ADOPTED**; and

4  (2) Peri's motion is **DENIED**.

5  Dated this 13th day of October, 2020.

BENJAMIN H. SETTLE
United States District Judge