UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES PERI and on behalf of DEBORAH L. PERI,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK MELLON, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON,<br><br>Defendants. | CASE NO. 3:20-CV-5732-BHS-DWC<br><br>ORDER ON MOTION TO DISMISS |

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 10. Currently before the Court is Defendant Bank of New York Mellon's ("BONY") Motion to Dismiss. Dkt. 25. After reviewing the relevant record, the Court concludes Plaintiffs Charles Peri and Deborah L. Peri (deceased) failed to respond to the Motion to Dismiss. However, BONY has not articulated adequate reasons warranting dismissal of this case.

1  Therefore, the Court denies BONY's Motion to Dismiss (Dkt. 25) without prejudice and gives
2  BONY leave to re-file a motion to dismiss.[1]

3  **I.       Background**

4  Plaintiff Charles Peri ("Peri") initiated this action on behalf of himself and his deceased
5  spouse, Deborah L. Peri, in the Pierce County Superior Court on June 23, 2020. Dkt. 1-1. On
6  July 23, 2020, BONY removed the case to this Court. Dkt. 1. In the Complaint, Peri alleges
7  BONY is attempting to wrongfully foreclose and sell his real property located at 942 25th
8  Avenue Southwest, Puyallup, Pierce County, Washington ("property"). Dkt. 1-1; Dkt. 15, Peri
9  Affidavit, ¶ 1. Peri seeks an order restraining the sale of his property, the foreclosure action to be
10 deemed null and void, and other monetary relief for violations of state law. Dkt. 1-1.

11 On August 18, 2020, Peri filed a Motion to Restrain Trustee's Sale and for Preliminary
12 Injunction ("Motion to Restrain Sale"). Dkt. 14. On September 4, 2020, BONY filed a Response.
13 Dkt. 18. Peri did not file a reply. The undersigned entered a Report and Recommendation on
14 September 17, 2020, recommending the Motion to Restrain Sale be denied. Dkt. 20. Peri filed
15 objections to the Report and Recommendation. Dkt. 22. On October 13, 2020, the Honorable
16 Benjamin H. Settle, the District Judge assigned to this case, adopted the Report and
17 Recommendation and denied Peri's Motion to Restrain Sale.

18 BONY filed the pending Motion to Dismiss on October 15, 2020. Dkt. 25. Peri has not
19 submitted a response to the Motion to Dismiss. *See* Docket.

---

[1] As the Court is granting BONY leave to refile a motion to dismiss, the Court finds this matter is non-dispositive. Therefore, in the interest of judicial efficiency, the Court enters an order denying the Motion to Dismiss.

## II. Legal Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007).

## III. Discussion

In the Motion to Dismiss, BONY states, in full,

> For reasons set forth in BONY's prior briefing, and this Court's denial of Plaintiff's application for a preliminary restraining order, which are both incorporated herein, the complaint fails to state a claim for relief under the applicable federal standard, and BONY should be dismissed.

Dkt. 25, p. 1 (footnotes omitted). BONY cites to its Response to the Motion to Restrain Sale and the Court's Report and Recommendation as the incorporated documents. *Id*.

BONY has not articulated how its Response or the Report and Recommendation show Peri has failed to state a claim in the Complaint. *See id*. Moreover, in the Complaint, Peri raises claims for relief relief beyond a preliminary injunction, which were not considered in the

Response to the Motion to Restrain Sale or the Report and Recommendation. *See* Dkt. 1-1, 18, 20. The Court also notes the requirements necessary for Peri to be granted a preliminary injunction are more stringent than the pleading requirements necessary for Peri to state a claim for which relief can be granted.[2] Therefore, BONY's Motion to Dismiss fails to clearly articulate how Peri's Complaint fails to state a claim and why dismissal is appropriate.

Peri, who is represented by counsel, failed to respond to BONY's Motion to Dismiss. Pursuant to this Court's Local Rules, Peri's failure "to file papers in opposition to a motion ... may be considered by the court as an admission that the motion has merit." *See* Local Civil Rule ("LCR") 7(b)(2). Peri's opposition to the Motion to Dismiss was due on or before November 2, 2020. *See* LCR 7(d)(3). As Peri has not opposed BONY's Motion to Dismiss, the Court finds that Peri has admitted the Motion to Dismiss has substantial merit. However, in most Ninth Circuit cases dealing with dismissal for failure to comply with local rules, courts have appropriately resorted to dismissal only after having provided the nonresponsive parties with several warnings or orders compelling a response. *See Foley v. Pont*, 683 Fed. App'x. 650 (9th Cir. 2017); *In re Day*, 76 F.3d 385 (9th Cir. 1996); *Walker v. City of Lompoc*, 42 F.3d 1404 (9th Cir. 1994). As BONY's Motion to Dismiss fails to clearly state why Peri's Complaint should be dismissed, the Court finds dismissal based solely on Peri's failure to respond to the Motion to Dismiss is not appropriate at this time.

---

[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted) (to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged"); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (To obtain a preliminary injunction, a plaintiff must establish: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction.).

1  In summation, the Court finds BONY has not sufficiently explained why Peri's
2  Complaint should be dismissed for failure to state a claim and Peri's failure to respond is too
3  severe a repercussion, in this instance, to warrant dismissal at this time. Accordingly, BONY's
4  Motion to Dismiss (Dkt. 25) is denied without prejudice.

5  **IV.  Conclusion**

6  For the reasons stated above, BONY's Motion to Dismiss (Dkt. 25) is denied without
7  prejudice with the right to refile. The Court warns Peri that failure to respond to any future
8  motion to dismiss filed by BONY will result in a recommendation that this case be dismissed
9  pursuant to LCR 7(b)(2).

10  Dated this 23rd day of November, 2020.

David W. Christel
United States Magistrate Judge