UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES PERI and on behalf of DEBORAH L. PERI,

Plaintiff,

v.

BANK OF NEW YORK MELLON, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON,

Defendant.

CASE NO. 3:20-CV-5732-BHS-DWC

REPORT AND RECOMMENDATION

**Noting Date: January 15, 2021**

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 10. Currently before the Court is Defendant The Bank of New York Mellon's (BONY) Motion to Dismiss. Dkt. 27. Plaintiffs Charles Peri and Deborah L. Peri (deceased) (Plaintiff) failed to respond to the Motion to Dismiss. For the reasons that follow this Court recommends BONY's Motion to Dismiss (Dkt. 27) be granted.

## BACKGROUND

Plaintiff initiated this action in Pierce County Superior Court on June 23, 2020, alleging BONY was attempting to wrongfully foreclose and sell his real property located at 942 25th

Avenue Southwest, Puyallup, Pierce County, Washington (Dkt. 1-1), and seeking, among other monetary relief, an order restraining the sale of his property and declaring the foreclosure null and void. Dkt. 1-1.

On July 23, 2020, BONY removed the case to this Court. Dkt. 1.

On August 18, 2020, Plaintiff filed a Motion to Restrain Trustee's Sale and for Preliminary Injunction. Dkt. 14.

On September 4, 2020, BONY filed a Response. Dkt. 18. Plaintiff did not file a reply.

On September 17, 2020, this Court recommended Plaintiff's Motion to Restrain Sale be denied. Dkt. 20. Plaintiff's filed objections to the Report and Recommendation (Dkt. 22), but on October 13, 2020, Judge Benjamin H. Settle (the District Judge assigned to this case) adopted the Report and Recommendation (Dkt. 24).

On October 15, 2020, BONY Filed a 12(b)(6) Motion to Dismiss. Dkt. 25. Plaintiff did not respond.

On November 23, 2020, this Court dismissed BONY's motion without prejudice and with leave to refile, and warned Plaintiff that failure to respond to any future motion to dismiss would result in a recommendation that this case be dismissed pursuant to LCR 7(b)(2). Dkt. 26.

On December 3, 2020, BONY filed the pending Second Motion to Dismiss. Dkt. 27. Again, Plaintiff did not respond. *See* LCR 7(d)(3).

## LEGAL STANDARDS

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most

favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

## DISCUSSION

BONY asks this Court to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. According to BONY, the foreclosure sale of Plaintiff's property has been canceled (discussed further, below) so an injunction is unnecessary, the only party who breached contractual obligations was Plaintiff (who has not made a payment on his loan in several years), Plaintiff references, but does not plead the elements of the Consumer Protection Act sufficiently to state a claim for relief thereunder, and finally, Plaintiff's request for "a full accounting of all monies paid and received by the defendants," is untethered to any law and is not a remedy available to Plaintiff. Dkt. 27 at 4-6.

Plaintiff once again failed to respond in opposition to BONY's motion. This Court warned Plaintiff on November 23, 2020, that his continued silence would be construed as an

admission that BONY's arguments are meritorious. *See* Local Civil Rule 7(b)(2)[1]. Dkt. 26. Therefore, BONY's motion to dismiss should be granted.

The Court also recommends that BONY's request for an award of attorney fees and costs. (Dkt. 27 at 6) be denied. In support, BONY references a clause in the Deed of Trust that reads:

> Lender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument. The term "attorneys' fees," whenever used in this Security Instrument, shall include without limitation attorneys' fees incurred in any bankruptcy proceeding or on appeal.

Dkt. 15 at 34.

Assuming without deciding that this language entitled BONY to fees and costs, BONY's assertion that the foreclosure sale was cancelled due to the COVID-19 pandemic gives this Court pause. Dkt. 27 at 2-3. BONY does not offer any additional information regarding the cancellation of the sale of Plaintiff's property or what pandemic-related measure motivated its decision to cease the foreclosure sale. However, by the time BONY sought to remove Plaintiff's case to this Court—July 23, 2020—the COVID-19 pandemic was spreading across the country (with a notably significant outbreak in Washington beginning in March 2020), and Governor Inslee had already issued and re-issued a statewide moratorium on evictions. Website of the Governor of the State of Washington, https://www.governor.wa.gov (last visited Dec. 28, 2020). Given the entire lifespan of this case occurred during the pandemic, this Court finds the balance of equities and hardships favors each party paying its own fees and costs.

---

[1] Local Rule 7(b)(2) states, "*Obligation of Opponent*. Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

Finally, the Court notes that on June 29, 2020, Plaintiff and Defendant Quality Loan Service Corporation of Washington (Quality Loan), entered into a Stipulation and Order of Nonparticipation as to Quality Loan. Dkt. 1-3. The Stipulation states that Quality Loan is not required to participate in this litigation and agrees to be bound by any order or judgment so long as it is for nonmonetary relief only. *Id*. Accordingly, this Court recommends dismissing Quality Loan from this case.

## **CONCLUSION**

In sum, this Court recommends granting BONY's Motion to Dismiss (Dkt. 27), denying attorney fees and costs, dismissing Quality Loan, and closing the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* FED. R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for consideration on January 15, 2021, as noted in the caption.

Dated this 28th day of December, 2020.

David W. Christel
United States Magistrate Judge