UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES PERI and on behalf of DEBORAH L. PERI,<br><br>  Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK MELLON, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON,<br><br>  Defendants. | CASE NO. C20-5732 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 28, and Defendant The Bank of New York Mellon's ("BONY") partial objections to the R&R, Dkt. 29.

Plaintiff Charles Peri initiated this action in Pierce County Superior Court on June 23, 2020, alleging that BONY was attempting to wrongfully foreclose and sell his real property located at 942 25th Avenue Southwest, Puyallup, Washington and seeking, *inter alia*, monetary relief and an order restraining the sale of his property and declaring the foreclosure null and void. Dkt. 1-1. BONY removed the case to this Court on July 23,

1  2020. Dkt. 1. BONY then filed a motion to dismiss, Dkt. 25, but Peri did not respond.

2  Judge Christel denied the motion without prejudice and with the right to refile. Dkt. 26.

3  BONY again filed a motion to dismiss, Dkt. 27, and Peri again did not respond.

4　　On December 28, 2020, Judge Christel issued the instant R&R, recommending

5  that the Court grant the motion to dismiss and deny BONY's request for an award of

6  attorney fees and costs. Dkt. 28. On December 30, 2020, BONY objected to the R&R's

7  recommendation to deny fees and costs. Dkt. 29. On January 11, 2021, Peri responded.

8  Dkt. 30.

9　　When a party files objections to a nondispositve order, the "district judge in the

10 case must consider timely objections and modify or set aside any part of the order that is

11 clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

12　　BONY argues that, when provided by a contract, an award of fees is mandatory,

13 not discretionary. Dkt. 29 at 1 (citing *CHD, Inc. v. Boyles*, 138 Wn. App. 131, 140–41

14 (2007)). Washington law "provides that a contract containing an attorney fee provision

15 entitles the prevailing party in an enforcement action to recover reasonable attorney fees

16 and costs." *CHD*, 138 Wn. App. at 140 (citing RCW 4.84.330). Peri asserts that BONY

17 may not recover fees here because it cannot be said to be a prevailing party as BONY

18 cancelled the sale of the property at issue. Dkt. 30 at 1–2. Rather, Peri argues that he is

19 the prevailing party and is entitled to fees. *Id.*

20　　A prevailing party is one who receives an affirmative judgment in their favor. *Riss*

21 *v. Angel*, 131 Wn.2d 612, 433 (1997) (internal citations omitted). If neither wholly

22 prevails, a court should award fees to the substantially prevailing party, and the identity

of that party depends on the extent of the relief afforded the parties. *Id.* Accordingly, if both parties prevail on a major issue, neither is a prevailing party entitled to fees. *Hertz v. Reibe*, 86 Wn. App. 1-2, 105 (1997) (internal citations omitted).

Here, both BONY and Peri have prevailed: Peri's "goals have been achieved," Dkt. 30 at 1, because BONY cancelled the property's sale, and BONY prevailed on its motion to dismiss. Therefore, neither Peri nor BONY are entitled to fees. Judge Christel reached the same conclusion, albeit for different reasons. The R&R's recommendation to deny BONY fees is thus neither clearly erroneous nor contrary to law.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) BONY's motion to dismiss, Dkt. 27, is **GRANTED**, and request for fees is **DENIED**; and

(3) The Clerk shall enter a JUDGMENT and close the case.

Dated this 25th day of February, 2021.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3